# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN BUILDERS INSURANCE COMPANY, | No. 4:19-CV-01497 |
| Plaintiff, | (Judge Brann) |
| v. | |
| KEYSTONE INSURERS GROUP, INC., and EBENSBURG INSURANCE AGENCY, | |
| Defendants. | |

## MEMORANDUM OPINION

### FEBRUARY 6, 2020

Plaintiff American Builders Insurance Co. (ABIC) brings claims arising out of a workers' compensation insurance contract. On October 28, 2019, Defendant Ebensburg Insurance Agency moved to dismiss the complaint.[1] For the reasons set forth below, that motion is denied.

---

[1] Def. Ebensburg Ins. Agency's Mot. to Dismiss Pl.'s Compl. pursuant to Fed. R. Civ. P. 12(b)(6), ECF No. 9.

## I. BACKGROUND[2]

I begin by providing a brief introduction to the players in this dispute. ABIC sells workers' compensation insurance policies.[3] Keystone Insurers Group, Inc. is a partnership of approximately three hundred insurance agencies that provides resources and training to its members.[4] ABIC had a longstanding agency agreement with Keystone that granted Keystone the authority to solicit, receive, and accept proposals for insurance contracts.[5] Ebensburg Insurance Agency obtains insurance policies for businesses and individuals.[6] Custom Installations was a roofing business.[7]

In or about June 2015, Custom Installations retained Ebensburg to procure a workers' compensation policy.[8] As part of this process, Ebensburg completed applications on behalf of Custom Installations.[9]

---

[2] The facts in this section are drawn from ABIC's complaint and its attached exhibits. *See Sherman v. John Brown Ins. Agency Inc.*, 38 F. Supp. 3d 658, 662–63 (W.D. Pa. 2014). As is appropriate on a motion to dismiss, I accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *Id.*

[3] Compl. ¶ 2, ECF No. 1.

[4] *Id.* at ¶ 10.

[5] *Id.* at ¶ 11.

[6] *Id.* at ¶ 15.

[7] *Id.* at ¶ 17.

[8] *Id.* at ¶ 19.

[9] *Id.* at ¶ 20.

Generally, ABIC does not issue workers' compensation policies to companies that perform work higher than fifteen feet above the ground.[10] On the application Ebensburg submitted to ABIC, Ebensburg indicated that Custom Installations did not perform work above fifteen feet.[11] On July 20, 2015, after receipt of this application, ABIC issued a workers' compensation policy to Custom Installations.[12]

On September 8, 2015, a Custom Installations employee suffered serious injuries when he fell from a worksite roof.[13] The employee fell from approximately twenty-five feet above the ground.[14] After receiving medical treatment, the employee made a claim for workers' compensation benefits to ABIC.[15] To date, ABIC has paid over $1 million to the employee as a result of his injuries.[16]

On November 16, 2015, ABIC filed suit against Custom Installations in the United States District Court for the Western District of Pennsylvania.[17] ABIC sought, among other claims, to rescind Custom Installations' workers' compensation policy on the basis of alleged misrepresentations made in Custom Installations'

---

[10] *Id.* at ¶ 37.

[11] *Id.* at ¶ 26.

[12] *Id.* at ¶ 39.

[13] *Id.* at ¶ 51.

[14] *Id.*

[15] *Id.* at ¶ 52.

[16] *Id.* at ¶ 53.

[17] *Am. Builders Ins. Co. v. Custom Installations Contr. Servs.*, Civ. A. No. 3:15-295, 2019 U.S. Dist. LEXIS 125373, at *9 (W.D. Pa. July 29, 2019).

insurance application.[18] On August 18, 2017, the Western District of Pennsylvania dismissed ABIC's rescission claim for lack of jurisdiction.[19] ABIC appealed this dismissal to the United States Court of Appeals for the Third Circuit, and on July 9, 2018, the Court of Appeals dismissed ABIC's appeal.[20]

On August 28, 2019, ABIC filed the instant complaint against Keystone Insurers Group, Inc. and Ebensburg.[21] ABIC alleges that Defendants negligently or intentionally misrepresented the nature of Custom Installations' business in its application for the workers' compensation policy.[22] On October 28, 2019, Ebensburg moved to dismiss the claims against it under Federal Rule of Civil Procedure 12(b)(6).[23]

## II. LEGAL STANDARD

The Third Circuit in *Thompson v. Real Estate Mortgage Network*[24] concisely stated the standard that a district court should apply in deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted:

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct.

---

[18] *See id.*

[19] *Id.* at *12.

[20] *Id.* at *13.

[21] Compl., ECF No. 1.

[22] *Id.* at ¶¶ 73–91.

[23] Mot. to Dismiss, ECF No. 9.

[24] 748 F.3d 142 (3d Cir. 2014).

1937, 173 L.Ed.2d 868 (2009), a claimant must state a "plausible" claim for relief, and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." [*Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (quotation marks and citations omitted)]; *see also Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 117–18 (3d Cir. 2013).[25]

Further, a court ruling on a 12(b)(6) motion must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."[26]

## III. DISCUSSION

Ebensburg moves to dismiss ABIC's claims against it under Rule 12(b)(6) on four grounds. I address each ground in turn.

### A. Duty

Liability for professional negligence and negligent misrepresentation both require the defendant to have had a duty toward the plaintiff. Relying on an unpublished decision of the United States District Court for the Eastern District of Pennsylvania, Ebensburg argues that insurance agents do not have a duty to avoid

---

[25] *Id.* at 147.

[26] *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

misrepresentations in insurance applications when the statements in the applications have been endorsed by the insured. I disagree with that reading of the case law.

*Northwestern Mutual Life Insurance Company v. Babayan*[27] arose from a disability-income insurance policy.[28] Kathleen Babayan retained an insurance agent, Thomas Gallina, to help her obtain insurance.[29] Gallina helped Babayan to fill out applications.[30] Babayan then signed the application without reading it, which included the following language.:

> The Insured consents to this application and declares that the answers and statements made on this application are correctly recorded, complete and true to the best of the Insured's knowledge and belief. Answers and statements brought to the attention of the agent, medical examiner, or paramedical examiner are not considered information brought to the attention of the Company unless stated in the application. Statements in this application are representations and not warranties.[31]

Babayan's application was successful, and she obtained a policy from Northwestern Mutual.

When Babayan later claimed benefits under the policy, it was revealed that there were inaccuracies in her application.[32] Northwestern Mutual denied coverage

---

[27] Civ. A. No. 03-717, No. 03-1622 (consolidated), 2004 U.S. Dist. LEXIS 17155 (E.D. Pa. Aug. 25, 2004).

[28] *Id.* at *5.

[29] *Id.*

[30] *Id.* at *5–9.

[31] *Id.* at *9.

[32] *Id.* at *16.

and filed suit to rescind the policy.[33] Babayan countersued Northwestern Mutual and added claims for negligence and breach of fiduciary duty against Gallina.[34]

The court granted summary judgment to Gallina on the negligence claim, finding that Babayan had failed to produce evidence of a standard of care that Gallina owed to Babayan.[35] The only evidence Babayan presented regarding Gallina's duty was her own deposition testimony stating that Gallina had failed to record her answers properly and had advised her not to disclose necessary information.[36] The court expressed concern that permitting a case on these facts to survive summary judgment would create a risk of immunizing an insured from consequences for her own misstatements because she could rely on her own self-serving testimony.[37]

These concerns do not apply to ABIC's case. *Northwestern Mutual* assessed whether an insurance agent had a duty to the insured. There, the court was concerned about the risk of an insured lying on an application to obtain insurance, covering it up in his deposition, and then using that testimony to leverage a favorable settlement before trial.[38] But ABIC is not the insured—it's the insurer. Unlike Babayan, ABIC

---

[33] *Id.*

[34] *Id.* at *3.

[35] *Id.* at *62.

[36] *Id.*

[37] *Id.* at *57.

[38] *See id.*

is not suing to recover for harm caused by its own misstatements. The situation posited by the *Northwestern Mutual* court is wholly inapplicable to this case.

Even for the situation it addresses, *Northwestern Mutual*'s holding is not as broad as Ebensburg describes. The case does not stand for the proposition that an insurance agent cannot have a duty toward an insured who signs a disclaimer as a matter of a law. Rather, it states only that Babayan failed to produce sufficient evidence of Gallina's duty in that case.[39]

Therefore, I find that *Northwestern Mutual* does not exempt Ebensburg from a duty of care and that ABIC has adequately pleaded the existence of Ebensburg's duty.

### B. Justifiable Reliance

Next, Ebensburg argues that ABIC cannot establish justifiable reliance on the height of the roofing work conducted by Custom Installations because ABIC purportedly conducted a worksite inspection. In support of this argument, Ebensburg attaches exhibits to its motion to dismiss.

In general, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings.[40] An exception to this general principle is that the court may consider documents "integral to or explicitly relied upon in the

---

[39] *See id.* at *62 ("Babayan has not produced any evidence that establishes the duty of care that Gallina, as an insurance agent, owed, let alone the breach of such a duty.").

[40] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

complaint" without converting the motion to one for summary judgment.[41] "A document is integral to the complaint when the allegations in the complaint are based on the document."[42] Mere relevance does not make a document "integral" to a complaint.[43]

Ebensburg cites three exhibits—Exhibit C,[44] Exhibit D,[45] and Exhibit H[46] to its motion to dismiss—to support its justifiable-reliance argument. Exhibit C is a brochure ABIC allegedly produced to solicit roofing companies.[47] Exhibit D purports to be a letter referencing a worksite inspection conducted by ABIC.[48] Exhibit H purports to be a letter of nonrenewal from ABIC to Custom Installations.[49]

I find that consideration of these exhibits on this motion would be improper. ABIC's complaint does not explicitly refer to any of them. Nor are ABIC's claims based on these documents, as ABIC does not use them, implicitly or otherwise, to establish any of its claims.

---

[41] *Id.*

[42] *In re Pressure Sensitive Labelstock Antitrust Litig.*, 566 F. Supp. 2d 363, 375 (M.D. Pa. 2008).

[43] *See Lomma v. Ohio Nat'l Life Assurance Corp.*, 283 F. Supp. 3d 240, 248 n. 5 (M.D. Pa. 2017).

[44] Br. of Def. Ebensburg Ins. Agency in Supp. of 12(b)(6) Mot. in Resp. to Pl.'s Compl. Ex. C, ECF No. 10-3.

[45] Br. of Def. Ebensburg Ins. Agency in Supp. of 12(b)(6) Mot. in Resp. to Pl.'s Compl. Ex. D, ECF No. 10-4.

[46] Br. of Def. Ebensburg Ins. Agency in Supp. of 12(b)(6) Mot. in Resp. to Pl.'s Compl. Ex. H, ECF No. 10-8.

[47] Def. Br. Ex. C, ECF No. 10-3.

[48] Def. Br. Ex. D, ECF No. 10-4.

[49] Def. Br. Ex. H, ECF No. 10-8.

Aside from these exhibits, Ebensburg has not otherwise challenged the adequacy of ABIC's pleaded allegations regarding justifiable reliance. Therefore, I deny Ebensburg's motion to dismiss on this ground.

### C. Election of Remedies

ABIC previously filed suit against Custom Installations in the Western District of Pennsylvania seeking rescission of the workers' compensation policy. That claim was dismissed for lack of subject-matter jurisdiction.[50] Ebensburg now argues that ABIC's prior claim for rescission bars ABIC from pursuing damages at law in this action under the doctrine of election of remedies.

Under Pennsylvania's election-of-remedies case law, a party cannot pursue an inconsistent remedy after a "binding" election of one remedy over another has been made.[51] This prevents parties from collecting windfall recoveries on inconsistent theories of liability. The Supreme Court of Pennsylvania in *Gamesa Energy, USA, LLC v. Ten Penn Center Associates, L.P.*[52] recently discussed when an election is binding:

> [A] binding election of remedies occurs when there has been a legal resolution, such as a settlement, a stipulation, a waiver, an expressed withdrawal or abandonment of claims, a judgment, or application of

---

[50] *See Am. Builders Ins. Co. v. Custom Installations Contr. Servs.*, 2017 U.S. Dist. LEXIS 200247, at *24–25 (W.D. Pa. Aug. 18, 2017).

[51] *See Gamesa Energy USA, LLC v. Ten Penn Ctr. Assocs., L.P.*, 217 A.3d 1227, 1238–39 (Pa. 2019).

[52] 217 A.3d 1227 (Pa. 2019).

> another exclusionary rule, and in such circumstances, the electing party
> may no longer pursue alternative forms of relief on a given claim.[53]

The *Gamesa* court stressed that the purpose of the doctrine is fairness. While the doctrine exists to prevent prejudice to the non-electing party, the court should not force a party to elect its remedy before all relevant circumstances are known.[54] In that spirit, the court clarified that plaintiffs may pursue inconsistent remedies prior to a binding election.[55]

Ebensburg has not identified a case holding that a dismissal for lack of jurisdiction is a binding election, and I conclude that it is not. A dismissal for want of jurisdiction lacks preclusive effect, other than on its merits as a jurisdictional ruling.[56] The Western District's dismissal cannot be said to have resolved the claim when it did not rule for either party on the merits of the issues and does not have preclusive effect. Because this decision was not a legal resolution under *Gamesa*, I find that the prior dismissal of ABIC's rescission claim against Custom Installations was not a binding election of remedies.

---

[53] *Id.* at 1239.

[54] *See id.*

[55] *See id.* ("[A] party may generally simultaneously plead and attempt to prove alternative causes of action seeking damages through inconsistent remedies supported by the same factual scenario."); *see also Schwartz v. Rockey*, 932 A.2d 885, 893 (Pa. 2007); Pa.R.C.P. 1020(c) (allowing pleading of alternative causes of action); *Wedgewood Diner, Inc. v. Good*, 534 A.2d 537, 539 (Pa. 1987) ("[W]here there is nothing more than the mere institution of a suit or proceeding, which is abandoned or dismissed before judgment, there is nothing on which to base an estoppel—no benefit and no detriment." (*quoting* 25 Am. Jur. 2d Election of Remedies § 16)).

[56] *See Levin v. Lillien*, 511 Fed. Appx. 149, 150 (3d Cir. 2013); *Swope v. Central York Sch. Dist.*, 796 F. Supp. 2d 592, 599 (M.D. Pa. 2011).

### D. Ripeness

Finally, Ebensburg's ripeness argument is misplaced. It argues that this dispute is not ripe for adjudication because ABIC is seeking rescission of the insurance contract in the Western District of Pennsylvania litigation. This argument has two fatal flaws. First, the harm to ABIC is established because ABIC already paid the money to the employee and is not seeking to recover that amount from the employee.[57] Second, the rescission claim is no longer ongoing in the Western District litigation.[58] I find that ABIC's claims are ripe.

## IV. CONCLUSION

For the foregoing reasons, Defendant Ebensburg Insurance Agency's Motion to Dismiss (ECF No. 9) is denied.

An appropriate order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[57] *See Abbot Labs v. Gardner*, 387 U.S. 136, 148 (1967).

[58] *See id.*