## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

AMERICAN BUILDERS
INSURANCE COMPANY,

        Plaintiff,

  v.

KEYSTONE INSURERS GROUP,
INC., and EBENSBURG INSURANCE
AGENCY,

        Defendants.

No. 4:19-CV-01497

(Judge Brann)

## MEMORANDUM OPINION

### AUGUST 20, 2020

## I.      BACKGROUND

Defendants Keystone Insurers Group and Ebensburg Insurance Group move this Court to stay this action.  Defendants assert that underlying disputes concerning the workers' compensation policy at issue here are being litigated first, before a different federal court, and second, before the Pennsylvania Department of Labor and Industry in a workers' compensation proceeding.[1]  Defendants ask the Court to stay this action until the underlying disputes reach a resolution.

Plaintiff American Builders Insurance Company is suing Defendants for breach of contract, professional negligence, negligent misrepresentation, and

---

[1]   *See* Doc. 31; Doc. 32 at 1.

fraudulent misrepresentation.[2]  Keystone and Ebensburg are partner insurance agencies.[3]  Keystone and Ebensburg each solicit proposals for insurance policies and help to secure them.[4]  They submit proposals for insurance policies to American.[5]  And they receive a commission based on the policies' premiums.[6]

One of these insurance policies has spawned this dispute.  On July 20, 2015, American issued a workers' compensation insurance policy ("the Policy") to Custom Installations, a roofing contractor.[7]  American claims that Keystone breached its contractual obligations with American when Ebensburg provided American with inaccurate documents ("the Documents") that undergirded the Policy.[8]  American claims that both Keystone and Ebensburg breached their professional duties and were negligent in this provision of the Documents.[9]  And American claims that the provision of the Documents constituted negligent and fraudulent misrepresentation.[10]

After an accident on the job and ensuing workers' compensation claim,[11] on November 16, 2015, American sued Custom Installations in the Western District of

---

[2]  Doc. 1 at ¶ 1.
[3]  *See* Doc. 1 at ¶ 13.
[4]  *See* Doc. 1 at ¶¶ 11-13.
[5]  *See* Doc. 1 at ¶ 16.
[6]  Doc. 1 at ¶ 13.
[7]  Doc. 1 at ¶¶ 17, 39.
[8]  Doc. 1 at ¶ 61.
[9]  Doc. 1 at ¶¶ 70-71.
[10]  *See* Doc. 1 at ¶¶ 73-91.
[11]  Doc. 32-1 at 3.

Pennsylvania.[12]  American sought rescission of the Policy, recovery of damages for its Policy payouts, and other remedies.[13]

The court in the Western District action first granted partial summary judgment for American and rescission of the Policy.[14]  But then, after developments in the workers' compensation proceeding, the Western District vacated its first order and dismissed American's rescission claims for lack of subject matter jurisdiction.[15]  American appealed the Western District's vacating order to the United States Court of Appeals for the Third Circuit.  On May 29, 2020 (after American had filed the instant motion here), the Third Circuit affirmed the Western District's vacating order.[16]  The Third Circuit reasoned that Pennsylvania's workers' compensation statute was broad enough to cover, in a jurisdictional sense, American's suit in the Western District.[17]

## II.   DISCUSSION

### A.   Legal Standards

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time

---

[12]   Doc. 32-1 at 4.
[13]   Doc. 32-1 at 4.
[14]   Doc. 32-1 at 5.
[15]   Doc. 33-1 at 1.
[16]   *Am. Builders Ins. Co. v. Custom Installations Contracting Servs., Inc.*, 807 F. App'x 193, 194 (3d Cir. 2020).
[17]   *Id.* at 195-96.

and effort for itself, for counsel, and for litigants."[18]  In exercising this power, a

court must "weigh competing interests and maintain an even balance."[19]

Courts should consider (1) the length of the stay requested; (2) the "hardship

or inequity" that the movant would face from a denial of the stay; (3) the injury

that the stay would inflict upon the non-movant; and (4) whether a stay would

simplify issues and promote judicial economy.[20]  With respect to the stay's length,

"[s]tays of indefinite length are especially discouraged and, because they put the

parties effectively out of court, any order granting such a stay is appealable."[21]

Courts also at times consider "whether discovery is completed" or "whether

a trial date has been set."[22]  The party seeking a stay must demonstrate a "clear

case of hardship or inequity" if there is "even a fair possibility" that a stay will

cause harm to the nonmoving party.[23]  Finally, the Third Circuit has, like many of

its sister circuits, cautioned that "efficiency does not, by itself, allow a federal

court to refuse to exercise its jurisdiction in favor of proceedings in an alternative

forum."[24]

---

[18]  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[19]  *Id.* at 254-55.

[20]  *Structural Grp., Inc. v. Liberty Mut. Ins. Co.*, No. 1:07-CV-01793, 2011 WL 13350710, at *1 (M.D. Pa. June 6, 2011) (*citing Landis*, 299 U.S. at 254-55).

[21]  *Structural Grp., Inc. v. Liberty Mut. Ins. Co.*, No. CIV.A 1:07-CV-01793, 2008 WL 4616843, at *5 (M.D. Pa. Oct. 16, 2008).

[22]  *Coleman v. Commonwealth Land Title Ins. Co.*, No. CIV. A. 09-679, 2010 WL 2545539, at *2 (E.D. Pa. June 18, 2010).

[23]  *Gold v. Johns–Manville Sales Corp.*, 723 F.2d 1068, 1075-76 (3d Cir. 1983).

[24]  *CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc.*, 381 F.3d 131, 135 (3d Cir. 2004).

**B.     Analysis**

Defendants argue, at bottom, that the Court should stay this case in order to clear up uncertainty.  Per Defendants, the workers' compensation proceedings will clear up American's damages exposure in this case.[25]

I have considered the above factors.  For the following reasons, I find that there is "a fair possibility" that a stay would cause harm to American, and that Defendants have not demonstrated the requisite "clear case of hardship or inequity" were the Court to deny a stay.  Further, Defendants have not demonstrated that a stay here would simplify issues and promote judicial economy.

First, American has alleged damages separate and apart from the quantum of damages at issue in the workers' compensation proceeding.[26]  Second, and relatedly, "[g]enerally, under Pennsylvania law, damages need not be proved with mathematical certainty, and evidence of damages may consist of probabilities and inferences."[27]  This dulls the value of Defendants' contention that the Court needs to stay this case so that American's damages are precisely calculated in a different forum.

Third, the Court does not find Defendants' argument that it is not seeking an indefinite stay to be convincing.  As Defendants concede, they "assert a stay

---

[25]  *See* Doc. 32 at 1-3.
[26]  *See* Doc. 37 at 12.
[27]  *Delahanty v. First Pa. Bank, N.A.*, 464 A.2d 1243, 1257-58 (Pa. Super. 1983).

should exist until completion" of the workers' compensation proceedings.[28]

Further, the only clarity Defendants can provide as to the duration of this stay is

that American should "provide periodic status updates . . . at intervals such that the

Court may direct."[29]   Though Defendants may not have labelled its proposed stay

as "indefinite," *per se*, "there is no way of foretelling how long [American's] suit

must remain in limbo," and, "[i]n a very practical sense, [American]—which

admittedly has the right to bring suit in the federal court—[would be] blocked from

proceeding in that forum until the issues are resolved in the [workers'

compensation proceeding]."[30]

Fourth, and finally, the legal disputes at issue in this action are distinct from

the legal questions that the workers' compensation proceeding will resolve.  As I

stated above, American here alleges breach of contract and associated

misrepresentations by Defendants concerning the Documents.  In the workers'

compensation proceeding, American seeks an order revoking its obligation to pay

for the accident victim's medical and indemnity benefits.[31]   Put another way,

American seeks rescission of the Policy.[32]   Of course, Defendants' potential fraud

and misrepresentations concerning the Policy bears some logical connection to the

rescission of the Policy.  But the two actions deal with distinct legal issues, and it

---

[28]   Doc. 46 at 6.
[29]   Doc. 38 at 18.
[30]   *CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc.*, 381 F.3d 131, 135 (3d Cir. 2004).
[31]   Doc. 32-3 at 4 ¶ 7.
[32]   *See* Doc. 45 at 9.

would not serve judicial economy to stay this action while the workers'

compensation proceeding resolves itself—especially since, as I just related, the

length of the workers' compensation proceeding is unclear.

For the above reasons, Defendants have not met their burden of justifying a

stay.[33]

## III.    CONCLUSION

Defendants' motion is denied.  An appropriate Order follows.


BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[33]   *See J.B. Hunt Transp., Inc. v. Liverpool Trucking Co.*, No. 1:11-CV-1751, 2012 WL
2050923, at *4 (M.D. Pa. June 7, 2012); *Structural Grp., Inc. v. Liberty Mut. Ins. Co.*, No.
1:07-CV-01793, 2011 WL 13350710, at *1 n.3 (M.D. Pa. June 6, 2011).